**GREENBERG GROSS LLP**
MATTHEW T. HALE
Nevada Bar No. 16880
ERIC K. LUNDY
Nevada Bar No. 16921
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702)777-0888
Facsimile: (702)777-0801

*Attorneys for Plaintiff*
*Sabrina Alvarez*

**SIMONS HALL JOHNSTON PC**
Anthony A. Hall
Nevada Bar No. 5977
ahall@shjnevada.com
Jonathan A. McGuire
Nevada Bar No.: 15280
690 Sierra Nose Drive
Reno, NV 89511
Tel: 775.785.0088
Fax: 775.785.0087

*Attorneys for Defendant*
*Chedraui USA, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SABRINA ALVAREZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CHEDRAUI USA, INC., a California Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:26-CV-02463-GMN-NJK<br><br>**STIPULATION AND ORDER TO SUBMIT MATTER TO ARBITRATION**<br><br>Action Filed: August 11, 2026 |

**IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES HERETO**, Defendant CHEDRAUI USA, INC. and Plaintiff SABRINA ALVAREZ (collectively, the "Parties"), by and through their undersigned respective counsel, as follows:

WHEREAS, on August 11, 2026, Plaintiff filed a Complaint against CHEDRAUI USA, INC. in the above-referenced action;

WHEREAS, prior to filing the Complaint, the Parties had entered into an arbitration agreement (the "Arbitration Agreement") and agreed that "binding arbitration shall be the exclusive remedy for all claims between them." A true and correct copy of the Arbitration Agreement is attached hereto as **Exhibit "A"**;

WHEREAS, the Parties have now agreed to submit this entire matter to final and binding arbitration to the American Arbitration Association ("AAA") pursuant to their written agreement to arbitrate;

NOW, THEREFORE, THE PARTIES STIPULATE THAT the Court order this entire matter to final and binding arbitration to be administered by AAA, in accordance with the Arbitration Agreement and the current AAA Employment Rules;

THE PARTIES FURTHER STIPULATE THAT the Court should stay the above-entitled matter until after an arbitration is had in accordance with this order; and that judgment on any award rendered by the arbitrator may be entered in the above-referenced action.

//

//

//

//

//

//

**IT IS HEREBY STIPULATED**.

DATED: September 14, 2026

**SIMONS HALL JOHNSTON PC**

By: *Jonathan McGuire*
Anthony L. Hall
Jonathan A. McGuire
*Attorneys for Defendant*
*CHEDRAUI USA, INC.*

DATED: September 14, 2026

**GREENBERG GROSS LLP**

By: *Eric Lundy*
Matthew T. Hale
Eric K. Lundy
*Attorneys for Plaintiff*
*Sabrina Alvarez*

**ORDER**

**IT IS HEREBY ORDERED** that, pursuant to the Parties' written Arbitration Agreement, the Parties shall submit this entire matter to final and binding arbitration to be administered by the American Arbitration Association ("AAA"), in accordance with the current AAA employment arbitration rules.

**IT IS FURTHER ORDERED** that the above-entitled action is **STAYED** and that the Court will retain jurisdiction over the above-entitled action until after an arbitration is had in accordance with this order.

**IT IS FURTHER ODERED** that the parties must file a Joint Status Report informing the Court of the status of the arbitration proceedings by November 13, 2026, and every sixty days thereafter.

**IT IS FURTHER ORDERED** that judgment on any award rendered by the arbitrator may be entered in the above-entitled action.

**DATED** this 16 day of September, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

**INDEX OF EXHIBITS**

| EXH. NO. | DESCRIPTION | PAGE NO. |
|---|---|---|
| A | ARBITRATION AGREEMENT | 2 |

# EXHIBIT A

EXHIBIT A

# MUTUAL ARBITRATION AGREEMENT

The parties to this Agreement wish to resolve, fairly and quickly, any dispute which may arise in the context of their employment relationship and agree as follows:

A) In consideration of the undersigned employee's ("Employee") employment and El Super's promise to arbitrate all categories of disputes that Employee hereby agrees to arbitrate, El Super ("Company") and Employee (collectively, the "Parties") agree that binding arbitration shall be the exclusive remedy for all claims between them. Final and binding arbitration before a single, neutral arbitrator shall be the exclusive remedy for any covered claim. A "covered claim" is any individual claim (except a claim that by law is non-arbitrable) including but not limited to all past, present/pending, and future claims against the Company, for wrongful termination; discrimination; harassment; retaliation; breach of contract/covenant; trade secrets; emotional distress; fraud; misrepresentation; defamation; tort claims; misclassification, minimum wage; off the clock work; overtime; bonuses; meal/rest periods; wage statements; reimbursement/unpaid expenses; penalties; wage and hour claims or any provisions of the State or Federal labor Codes or Wage Orders; unfair competition, benefits; violation of any federal, state or other government constitution, statute, ordinance or regulation, and any other common law, statute, ordinance, or regulation arising out of or in connection with the employment relationship under federal, state, or local laws.

B) As to any covered claim, each party thus waives the right to jury trial and to bench trial, and also waives the right to bring, maintain, participate in, or receive money from, any class, collective, or representative proceeding, whether in arbitration or otherwise. You and the Company may only bring individual claims against the other. Each party further agrees that the arbitration of a covered claim precludes cases from being related, consolidated or coordinated with one another in the same arbitration proceeding. Although the non-availability of any form of a class action/representative action/collective arbitration is clear from this Agreement, should any dispute arise regarding or relating to the existence, validity, enforceability, or interpretation of this Section, a court of competent jurisdiction, not an arbitrator, shall have the sole and exclusive jurisdiction to hear and rule on the class/representative action waiver in this Agreement and whether any claims must proceed on a class/collective/representative basis. The Company, while it may take all steps necessary to enforce this Agreement in legal proceedings, will not discipline or otherwise retaliate against Employee for engaging in concerted activity, even if that activity is in breach of this Agreement.

C) Arbitration will occur in the County where the Employee's store or facility is located and under the rules of the American Arbitration Association ("AAA"), except where its rules contradict this Agreement or state or federal law. (A copy of the AAA rules is available for you to review at Human Resources). The arbitrator can order the same individual remedies that a judge could in a court of law. If the parties cannot agree on an arbitrator, AAA rules will govern selection. The arbitrator's written award shall (i) issue within thirty (30) days of the conclusion of evidence, (ii) state the reasons to support the decision, and (iii) be based on governing law and evidence cited.

D) Except for the equivalent court filing fees, the Company will be responsible for any arbitration fees. Each side shall pay that side's own costs and attorney fees, if any, unless the Arbitrator or Arbitration Panel rules otherwise. If the applicable law affords the prevailing party attorney fees and costs, then the Arbitrator or Arbitration Panel shall apply the same standards a court would apply to award such fees and costs.

E) This Agreement is governed by and enforceable under the Federal Arbitration Act. It can be modified only in a writing signed by the Employee and an authorized officer of the Company, stating the intent to revoke or modify this Agreement. If any provision in this Agreement is determined to be unenforceable, then the remaining provisions shall remain in full effect.

**BY SIGNING BELOW, I KNOWINGLY AND VOLUNTARILY WAIVE THE RIGHT TO CLASS, REPRESENTATIVE, AND COLLECTIVE PROCEDURES AND THE RIGHT TO TRIAL BY JURY OR JUDGE FOR ANY COVERED CLAIM, I RETAIN ALL OTHER RIGHTS, INCLUDING MY RIGHT TO COUNSEL, TO CALL AND CROSS-EXAMINE WITNESSES, AND TO HAVE MY CLAIMS ADDRESSED BY AN IMPARTIAL FACTFINDER. I ACKNOWLEDGE THAT I AM HEREBY ADVISED TO SEEK LEGAL ADVICE AS TO MY RIGHTS AND RESPONSIBILITIES UNDER THIS AGREEMENT.**

| | | |
|---|---|---|
| Sabrina Alvarez<br>Employee | Digitally Signed By: Sabrina Alvarez<br>Date: Aug-06-2024 6:33:49 PM EDT<br>(SIGNATURE of Employee) | 08/06/2024<br>(Date) |